## 40259. HURST et al. v. GRAY.

HILL, Chief Justice.

This appeal is from a superior court order dismissing an appeal from the probate court's order denying a petition to probate a will in solemn form. (Although there were two appeals to the superior court, only one of them is before us now.)

Clarence Gray died March 21, 1982. His wife filed a petition pursuant to OCGA § 53-10-1 (a) (Code Ann. § 113-1232) for an order of "no administration necessary" on the estate of Clarence Gray, alleging that her husband died intestate.[1] The appellants filed a caveat to the wife's petition, alleged that Clarence Gray died testate, alleged that his will had been lost, and attached an unsigned photocopy of a will purporting to be the last will and testament of Clarence Gray. Appellants also filed an affidavit of a person who stated that he witnessed the signing of the alleged will. Thereafter, the appellants filed a petition to probate the purported will in solemn form. The wife filed a caveat to the appellants' petition to probate.

A hearing was held on July 7, 1982, at which the wife filed a motion to dismiss the petition to probate the alleged will. The probate court overruled the appellants' caveat to the wife's petition for an order of no administration necessary and entered such order.

On July 29, 1982, the appellants moved the probate court to allow them to withdraw their petition to probate the purported will, without prejudice, and the probate court agreed to the withdrawal. On the same day, the appellants filed a second petition to probate the purported will in solemn form, and filed an appeal to the superior court on the probate court's ruling in favor of wife in the no administration necessary proceeding. The wife filed a caveat to the appellants' second petition to probate.

A hearing was held in probate court on October 4, 1982, on the second petition to probate. The probate court sustained the wife's caveat and refused to probate the purported will. The appellants appealed this order to the superior court on October 29, 1982.

In the superior court, the wife filed motions to dismiss both of the appellants' appeals to that court. The superior court denied the motion to dismiss the appeal on the petition for no administration

---

[1] OCGA § 53-10-1 (a) (Code Ann. § 113-1232) provides in part: "When any person owning real or personal property located in this state has died intestate and no permanent administration in this state has been had upon the estate, any heir at law of the deceased owner may file a petition in the probate court of the county of the residence of the deceased owner . . . praying for an order that no administration or no permanent administration, as the case may be, is necessary."

necessary, recognizing that a copy of a will may be probated under certain circumstances (OCGA § 53-3-6 (Code Ann. § 113-611)), but granted the wife's motion to dismiss the appeal on the petition to probate. The superior court's ruling on the petition to probate was based on the court's conclusion that as a matter of law the appellants were precluded from withdrawing their original petition to probate and then filing a second petition, even with the probate court's approval, for the reason that the evidence underlying the petitions to probate was the same evidence presented to the court at the hearing on the petition for no administration necessary, making the probate court's no administration necessary order res judicata as to the second petition to probate. That is to say, the superior court found that the probate court found that there was no valid will in deciding that the deceased died intestate and in ordering "no administration necessary." The appellants contend the trial court erred in granting the wife's motion to dismiss the appeal on the second petition to probate.[2]

The trial court should have reserved its decision on the motion to dismiss the petition to probate pending its decision of the appeal of the order of no administration necessary. By overruling the motion to dismiss the appeal of the no administration necessary order, the court has found that the probate court's entry of the no administration necessary order may have been error in that a valid will may exist. If the superior court were to reverse the probate court's order of no administration necessary, the superior court, by dismissing the petition to probate as res judicata, may have created a bar to the petition to probate and a possibly valid will may never be probated.

The probate court's order on the petition for no administration necessary cannot support the plea of res judicata because it is subject to trial de novo in the superior court; i.e., the probate court's order is not final. Moreover, the law favors distribution of estates pursuant to wills over distribution based upon intestacy, and it has been held that a probate court's determination of intestacy will not bar, on grounds of res judicata, the subsequent probation of a will. *Thomasson v. Hudmon,* 185 Ga. 753 (1) (196 SE 462) (1938).

The wife's argument that the result we have reached deprives probate courts of their jurisdiction to probate wills is without merit.

*Judgment reversed. All the Justices concur.*

---

[2] The only matter before us on appeal is the trial court's order dismissing the appeal on the petition to probate. The appeal on the petition for an order of no administration necessary is pending in the superior court.

DECIDED JANUARY 5, 1984.

Rogers & McCranie, Murphey Rogers, Clauye C. McCranie, for appellants.

Mixon & Mixon, Harry Mixon, Warren L. Mixon, for appellee.